IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-353-BO2

| TODD DOMINIQUE WILLIAMS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | O R D E R |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion for copy of sentencing transcripts at government's expense [DE 78] and the government's motion to dismiss [DE 83]. The government's motion is GRANTED and the petitioner's motion is DISMISSED.

## BACKGROUND

On December 16, 2009, petitioner pled guilty to a two-count criminal information charging him with conspiracy to interfere with commerce by threats or violence and with conspiracy to commit bank robbery. [DE 4]. Petitioner entered his plea pursuant to a written plea agreement. As part of his plea, the petitioner agreed to waive certain rights, including "all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974."

## DISCUSSION

The circumstances under which the Court may provide an indigent criminal defendant a copy of his transcript at the court's expense are addressed by 28 U.S.C. § 753(f). Specifically,

section 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to 28 U.S.C. § 2255 "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . . " 28 U.S.C. § 753(f); *see also United States v. MacCollom*, 426 U.S. 317, 326 (1976). Additionally, an indigent defendant must make a showing of a particularized need to obtain a free transcript. *See United States v. Hill*, 34 F. App'x 942, 943 (4th Cir. 2002) (unpublished). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

In correspondence submitted to the Court after Mr. Williams filed the instant motion, the petitioner argued that he was entitled to the transcripts under the Freedom of Information Act. To the extent this correspondence might represent an amendment to his earlier motion, the petitioner's argument is without merit as his plea agreement contained a waiver of such rights.

## CONCLUSION

In this case, Mr. Williams' motion for a free transcript does not state any particularized need for the requested transcript. Based upon the foregoing, he does not meet the requirements for a free transcript under § 753(f), and the United States' motion to dismiss is therefore GRANTED. The petitioner's motion for a copy of sentencing transcripts at the government's expense is DENIED.

SO ORDERED, this the 30 day of November, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE