IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-353-BO2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| TODD DOMINIQUE WILLIAMS, ) | |
| Defendant. ) | |

This matter comes before the Court on what it construes as Mr. Williams's pro se motion to defer payment of his restitution [DE 91] and pro se motion to waive restitution payments until released from prison [DE 94]. The government has responded in opposition to Mr. Williams's first motion [DE 93] and the matter is ripe for ruling, as defendant's motions are virtually identical. For the reasons stated herein, Mr. Williams's motions are DENIED.

## BACKGROUND

On December 16, 2009, Mr. Williams pled guilty pursuant to a plea agreement to conspiracy to interfere with commerce by threats or violence in violation of 18 U.S.C. § 1951, and conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. A criminal judgment was entered in this matter on April 6, 2010. Mr. Williams's sentence included a total prison term of 108 months, followed by a total of three years of supervised release, a special assessment of $200 and restitution in the amount of $3158.00. The Court ordered that Mr. Williams and his two co-defendants be held jointly and severally liable for the restitution, and that payment was due and payable in full immediately, but if defendant was unable to pay, the payments could be made through the Inmate Fiscal Responsibility Program (IFRP) while defendant remained incarcerated. On October 21, 2014, Mr. Williams requested that the Court defer restitution payments until after his release from prison. The government responded in opposition on

November 7, 2014, [DE 93], and defendant again requested waiver of his restitution payments until his release from prison [DE 94]. In the latter motion [*Id.*], Mr. Williams acknowledged that his prior motion requested the same relief, but he was concerned the Court never received the first motion, so he sent a second.

## DISCUSSION

As Mr. Williams's motions request the same relief, and the government has had the opportunity to respond, the Court will address both motions at this time. In Mr. Williams's case, the Court did not set a schedule for payment of restitution. The Court instead ordered that the judgment was due and payable in full immediately. This language allows the United States to use any legal means necessary to collect the special assessment and restitution. The Court also specified that if the fine was not paid immediately, it could be collected through the IFRP as administered by the Bureau of Prisons.

The Fourth Circuit has made it clear that the provisions of the Mandatory Victim Restitution Act (MVRA), 18 U.S.C. §§ 3663A and 3664, should be strictly construed, and that modifications should only be allowed where specifically provided for in that statute. *United States v. Roper*, 462 F.3d 336 (4th Cir. 2006). "A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010 (quoting 18 U.S.C. § 3582(b)).

Here, defendant has neither cited nor briefed any statute or rule allowing for a modification of the judgment. Therefore, this Court is without authority to modify the final judgment as requested by defendant. Because defendant has cited no authority for the Court to modify its original judgment, his motions are DENIED.

## CONCLUSION

For the foregoing reasons, both of defendant's motions requesting modification of his restitution payment schedule [DE 91, 94] are DENIED.

SO ORDERED, this __9__ day of December, 2014.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3